**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

TIMOTHY LEROY WEBB,
Plaintiff,

vs.

SAN DIEGO SHERIFF; RYAN FRITZGERALD, Sheriff Deputy; MARK SIMMS, Sheriff Deputy; REBECCA MARKS, District Attorney; JUDY PIERCE, Judge; YOUNG, Judge; LINDA JACOBS, District Attorney,
Defendants.

Case No.: 3:26-cv-1718-WQH-JAC

**ORDER: (1) DENYING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 12];**

**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. §1914(a);**

On March 12, 2026, Plaintiff Timothy Leroy Webb ("Plaintiff"), a detainee proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *in Forma Pauperis* ("IFP Motion"). (ECF Nos. 1, 2.) On May 11, 2026, the Court denied Plaintiff's IFP Motion because it did not include a certified copy of Plaintiff's trust account statement, as required under 28 U.S.C. § 1915(a). Accordingly, the Court dismissed the action without prejudice pursuant to 28 U.S.C. § 1914(a), and gave Plaintiff 45 days, or until April 26, 2026, to either pay the $405 filing fee or submit a

renewed, and properly supported, IFP motion. (*See* ECF No. 5 at 3.)

Plaintiff failed to submit either by April 26, 2026; however, on August 7, 2026, he filed a second IFP Motion ("Renewed IFP Motion"). Because Plaintiff is a detainee proceeding pro se, the Court will consider the Renewed IFP Motion despite its untimeliness.

## I. RENEWED IFP MOTION

As discussed in this Court's previous Order, generally, parties instituting a civil action must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). While prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). As such, a copy of the plaintiff's certified trust account statement is required in order to assess whether an initial filing fee must be assessed and if so, how much.

Here, Plaintiff's Renewed IFP Motion must be denied because Plaintiff has again

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

failed to include a certified copy of his trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2. Without a certified trust account statement, the Court is unable to assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## II. CONCLUSION AND ORDER

Accordingly, the Court:

(1) **DENIES** Plaintiff's Renewed IFP Motion (ECF No. 12) and the action remains **DISMISSED** without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a).

(2) **GRANTS** one more opportunity to have his case reopened. To do so, Plaintiff must, within **forty-five (45)** days from the date of this Order, either: (1) prepay the entire $405 civil filing and administrative fee in one lump-sum; or (2) file a renewed Motion to Proceed IFP*, which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2(b).

If Plaintiff chooses not to comply with this Order by either paying the $405 civil filing fee and administrative fee in full or by submitting a properly supported IFP Motion within forty-five (45) days, this case will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

(3) **ORDERS** that Plaintiff shall be provided with a Court-approved form: "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."

Dated: 10/26/2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court